AMIN WASSERMAN GURNANI, LLP
William P. Cole, Bar No. 186772
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:    (213) 933-2330
Fax:    (312) 884-7352
wcole@awglaw.com

AMIN WASSERMAN GURNANI, LLP
Jonathan J. Krit (*pro hac vice application forthcoming*)
Manon Burns, Bar No. 347139
230 W. Monroe St., Ste. 1405
Chicago, IL 60606
Tel: (312) 466-1033
Fax: (312) 884-7352
jkrit@awglaw.com
mburns@awglaw.com

Attorneys for Plaintiff Fujian Genohope Biotech Ltd.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJIAN GENOHOPE BIOTECH LTD., | Case: |
| Plaintiff, | **COMPLAINT FOR:**<br>    **(1) DEFAMATION**<br>    **(2) TRADE LIBEL** |
| v. | **(3) FALSE ADVERTISING**<br>    **(4) UNFAIR COMPETITION** |
| API EXPEDITORS, LLC, and STEPHEN DUFFIE, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

- 1 -

COMPLAINT

Plaintiff Fujian Genohope Biotech Ltd. ("Plaintiff" or "Genohope") hereby brings the following complaint against Defendants API Expeditors, LLC ("APIE") and Stephen Duffie ("Duffie") (collectively, "Defendants"), inclusive, alleging as follows:

## SUMMARY OF ACTION

1. Plaintiff Genohope brings this action against Defendants for defamation, trade libel, false advertising, unfair competition, and tortious interference with business relations due to Defendants' maliciously false and misleading advertising tactics designed to wrongfully disparage Genohope among members of the pharmaceutical ingredient manufacturing and distribution industry.

2. Defendants launched an email campaign targeting Genohope, falsely asserting that Genohope and other manufacturers had been the subject of adverse actions by the United States Food and Drug Administration ("FDA") affecting their ability to sell their products. The subject line of Defendants' disparaging email campaign stated "Bye Bye Genohope."

3. Defendants knew that their email campaign was false and misleading but chose to proceed with their tortious actions anyway.

4. Accordingly, Genohope seeks to recover damages caused as a result of Defendants' bad acts and enjoin Defendants from taking further false and misleading actions.

## PARTIES

5. Plaintiff Genohope is a Chinese corporation with its principal place of business in Fujian, China. Genohope is a licensed and certified Chinese manufacturer that specializes in pharmaceutical components for the healthcare industries. Genohope's products include peptides, such as those found in GLP-1 pharmaceutical products.

6. Plaintiff is informed and believes that Defendant APIE is a Delaware limited liability company with a principal place of business located in Miami, Florida, and without any members who are citizens of China. On information and belief, APIE is a pharmaceutical distributor.

- 1 -

COMPLAINT

7.    Plaintiff is informed and believes that Defendant Duffie is an individual residing in West Palm Beach, Florida. On information and belief, Duffie is an employee or agent of APIE.

## JURISDICTION AND VENUE

8.    Jurisdiction is proper because this Court has jurisdiction over the federal false advertising and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

9.    This Court has supplemental jurisdiction over the claims in this Complaint which arise under state law pursuant to 28 U.S.C § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

10.    In the alternative, jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because this matter is between a citizen of a State and citizens or subject of a foreign state and the amount in controversy exceeds $75,000 exclusive of interest and costs.

11.    Upon information and belief, Defendants have engaged in minimum contacts with the state of California such that they should reasonably anticipate being haled into court in California. Defendants have, among other activities, targeted their disparaging email campaign to purchasers, potential purchasers, and members of the pharmaceutical ingredient manufacturing and distribution industry within the Northern District of California with the knowledge or reasonable expectation that its email campaign would be disseminated there.

12.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this District, causing damages to Plaintiff in this District.

## FACTUAL BACKGROUND

13.    Genohope is a leading supplier of active pharmaceutical ingredients, with FDA GMP approved facilities.

14. APIE is a competitor of Genohope, offering pharmaceutical distribution services for active ingredients and finished products.

15. On or about February 13, 2026, APIE sent a marketing email to the industry with the subject line "Bye Bye Genohope" (the "Defamatory Email").

16. The Defamatory Email was written by Stephen Duffie.

17. The email included the signature block of Duffie, reading:

Stephen Duffie

API Expeditors, LLC

Professional Drug Wholesale & 3PL Services

18. The Defamatory Email stated that APIE wanted to make recipients "aware of recent FDA developments impacting parts of the peptide supply chain."

19. The Defamatory Email stated, "Manufacturers including **Genohope, Chinese Peptide Company, and JYMed, & Biopeptek** (emphasis in original) have faced Import Alert placement ("Red List") or removal from compliant manufacturing listings (Green List) – creating admissibility and inspection risk."

20. The Defamatory Email communicated to recipients that the FDA had taken one of the two identified actions against Genohope, affecting its ability to deliver its peptide products to its customers.

21. This message was further enforced by the Defamatory Email's subject line "Bye Bye Genohope."

22. APIE's email is false and misleading and constitutes defamation and trade libel.

23. The FDA has not taken any adverse action against Genohope.

24. Wholly contrary to the Defamatory Email, Genohope is on the FDA's "Green List" for compliant manufacturers of peptide products and has not had any import restrictions placed upon it.

COMPLAINT

25. Upon information and belief, Defendants were aware the FDA had not issued an Import Alert against Genohope or revoked Genohope's Green List standing at the time Defendants sent the Defamatory Email.

26. Upon information and belief, Defendants did not consult the FDA's website or contact the FDA prior to sending the Defamatory Email.

27. Upon information and belief, Defendants made additional false and defamatory statements concerning Genohope subsequent to the Defamatory Email, including statements made in response to inquiries Defendants received in response to its email.

28. On or about February 19, 2026, Genohope contacted Defendants and demanded that Defendants retract the Defamatory Email.

29. Defendants refused to retract the Defamatory Email.

30. Each of the foregoing statements made by Defendants is false and was false when made. The statements constitute defamation per se. Genohope is informed and believes, and thereon alleges, that in making the publications, Defendants intended to, and did, make statements tending to directly injure Genohope's trade and business by making false imputations with reference to Genohope's services, qualifications, and regulatory standing that have a natural tendency to lessen its profits. Furthermore, the statements are of the type that, by their natural consequence, cause actual damage. Genohope is informed and believes, and thereon alleges, that the recipients of these statements understood them in the aforementioned defamatory senses.

31. Genohope is informed and believes, and thereon alleges, that Defendants made these aforementioned statements not only to defame Genohope but to damage, and interfere with, Genohope's economic relationships with its agents, clients and potential clients, so as to promote the business interests of APIE.

32. Plaintiff is informed and believed, and thereon alleges, that in making the aforementioned defamatory statements, Duffie was acting for the benefit of, and in the course and scope of his authority and employment with, APIE.

- 4 -

COMPLAINT

33.    Upon information and belief, Genohope has lost sales of its peptide products as a result of the Defamatory Email and suffered reputational harm with consumers in the industry.

### FIRST CAUSE OF ACTION
**(Defamation)**
**(Against All Defendants)**

34.    Plaintiff re-alleges and incorporates by this reference paragraphs 1 through 33, inclusive, of this Complaint as though set forth in full.

35.    Defendants made the statements set forth in paragraphs 15-27 and 27 of this Complaint. The statements were made to persons other than Plaintiff.

36.    The recipients of the statements knew and reasonably understood that the statements were about Plaintiff.

37.    The statements were false.

38.    Defendants failed to use reasonable care to determine the truth or falsity of the statements.

39.    Plaintiff is informed and believes, and thereon alleges, Defendants knew the statements were false, and they had serious doubts about the truth of the statements. In making the statements, Defendants were motived by ill will towards Plaintiff and acted with reckless disregard for the truth.

40.    This wrongful conduct of Defendants was a substantial factor in causing harm to Plaintiff's business and trade and in causing harm to Plaintiff's reputation, all in amounts according to proof at trial.

41.    In making the aforementioned defamatory statements, Defendants acted with malice and oppression, entitling Plaintiff to an award of punitive damages.

### SECOND CAUSE OF ACTION
**(Trade Libel)**
**(Against All Defendants)**

42.    Plaintiff re-alleges and incorporates by this reference paragraphs 1 through 41, inclusive, of this Complaint as though set forth in full.

COMPLAINT

43. APIE made the written statements set forth in paragraphs 15-21 and 27 of this Complaint. The statements were published to persons other than Plaintiff.

44. APIE's statements made false imputations with reference to Genohope's products and services, qualifications, and regulatory standing.

45. APIE's statements were intended to and, on information and belief, did induce others not to deal with Plaintiff.

46. As a result of APIE's aspersions cast on Genohope's business, on information and belief, downstream customers of Genohope's products suspended their purchases as a result of receiving APIE's disparaging communications.

47. In making the aforementioned defamatory statements, APIE acted with malice and oppression, entitling Plaintiff to an award of punitive damages.

**THIRD CAUSE OF ACTION**
**(False Advertising - 15 U.S.C. § 1125(a)))**
**(Against APIE)**

48. Plaintiff re-alleges and incorporates by this reference paragraphs 1 through 47, inclusive, of this Complaint as though set forth in full.

49. APIE has made numerous false and misleading representations of fact in its advertising.

50. These false and misleading representations include, but are not limited to, APIE's claims that Genohope's products and services, qualifications, and regulatory standing were in question by asserting that Genohope was removed from the FDA's compliant manufacturer listing and is facing import restrictions.

51. On information and belief, APIE's false statements have deceived, and have the tendency to deceive, a substantial segment of its audience.

52. Furthermore, APIE's deception is material, as its false claims concern principal considerations for trusting a manufacturer or distributor in the medical component industry.

- 6 -
COMPLAINT

53.    APIE's actions constitute willful and deliberate use in commerce of false and misleading advertisements that have harmed and will continue to harm Genohope through diversion of sales and the loss of goodwill of Genohope's products and services. As a direct and proximate result of Defendant's false advertising, Genohope has suffered and will continue to suffer irreparable loss of income, profits and goodwill, and APIE has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

54.    APIE's actions have irreparably damaged Genohope, and Genohope has no adequate remedy at law. Unless enjoined, APIE will continue making false and misleading representations, further injuring Genohope and the public.

### FOURTH CAUSE OF ACTION
### (Unfair Competition - 15 U.S.C. § 1125(a))
### (Against APIE)

55.    Plaintiff re-alleges and incorporates by this reference paragraphs 1 through 54 inclusive, of this Complaint as though set forth in full.

56.    APIE, by reason of its false advertising and the other actions complained of *supra*, has engaged in unfair competition.

57.    The actions of APIE as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition in violation of 15 U.S.C. § 1125(a).

58.    As a direct and proximate result of APIE's unfair competition, Genohope has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and APIE has and will continue to unfairly acquire income, profits, and goodwill.

59.    APIE's actions have irreparably damaged Genohope, and Genohope has no adequate remedy at law. Unless enjoined, APIE will continue its unfair practices, further injuring Genohope and the public.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    Injunctive relief, including but not limited to, ordering Defendants to publicly retract the Defamatory Email, including an email retraction to every recipient of

COMPLAINT

the Defamatory Email or recipient of the defamatory information contained therein, and to desist in any further false or misleading statements about Genohope;

    2.    Damages in an amount subject to proof;

    3.    Punitive damages against each Defendant;

    4.    An award of costs as permitted by law;

    5.    An award of attorneys' fees to the extent allowed by law; and

    6.    Such other and further relief as the Court deems just and proper.

Dated:  March 17, 2026        **AMIN WASSERMAN GURNANI, LLP**

                 ***/s/ William P. Cole***
                 William P. Cole
                 *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Dated:  March 17, 2026        **AMIN WASSERMAN GURNANI, LLP**

                 ***/s/ William P. Cole***
                 William P. Cole
                 *Attorneys for Plaintiff*

COMPLAINT

**CERTIFICATE OF SERVICE**
(United States District Court)

I hereby certify that on the 17th day of March 2026, I caused the electronic filing of the foregoing document, through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *William P. Cole*
William P. Cole